FITZGERALD KNAIER LLP
   Keith M. Cochran, Esq. (SBN: 254346)
   kcochran@fitzgeraldknaier.com
402 West Broadway, Suite 1400
San Diego, CA 92101
Tel:  (619) 241-4810
Fax: (619) 955-5318

Attorney for Defendant Stuart Stall

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Collette Stark**, an individual,<br>**Anton Ewing**, an individual,<br><br>                Plaintiffs,<br><br>v.<br><br>**Stuart Stall**, an individual,<br><br>                Defendant. | Case No. 3:19-cv-0366-AJB-NLS<br><br>**Memorandum of Points and Authorities in Support of Defendant Stuart Stall's Motion to Dismiss**<br><br>Hon. Anthony J. Battaglia<br>Hon. Magistrate Nita L. Stormes<br><br>Date:        June 20, 2019<br>Time:       2:00 p.m.<br>Courtroom:  4A<br><br>Case Filed: February 22, 2019<br>Trial Date: None Set |

*Collette Stark, et al. v. Stuart Stall,* 3:19-cv-0366-AJB-NLS
Defendant's Motion to Dismiss

## I. INTRODUCTION

Plaintiff Anton Ewing – a serial pro se litigator who has been deemed a vexatious litigant by the Superior Court of California – and plaintiff Collette Stark allege they received unwanted telephone calls in violation of the Telephone Consumer Protection Act ("TCPA"). The claims are baseless as defendant Stuart Stall ("Defendant") never called either of them. Merits aside, dismissal is appropriate because Plaintiffs fail to satisfy basic pleading requirements. Accordingly, Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(6).

Plaintiffs fail to plead facts sufficient to state a claim under the TCPA. Plaintiffs do not identify any calls they supposedly received from Defendant (for the simple reason that he never called them). Instead, Plaintiff Ewing details two calls that he received from third-party non-defendants. Plaintiff Ewing has not alleged any facts showing that Defendant employed, hired, or controlled any third-party callers, so there can be no vicarious liability. Because Plaintiffs have not alleged facts to support a key element of a TCPA claim (i.e., that Defendant called either of them), the Complaint should be dismissed.

## II. BACKGROUND

Despite filing a 49 page, 82-paragraph Complaint, Plaintiffs allege few factual allegations about Defendant. Scattered throughout the Complaint, Plaintiffs claim they received repeated and unwanted automated telephone calls in violation of the TCPA, yet do not identify any calls they supposedly received from Defendant. Plaintiffs' allegations fall into three general categories: (1) factual allegations showing that third parties "Dave" and "Robert" called Plaintiffs; (2) conclusory allegations that Defendant called Plaintiffs; and (3) unsupported allegations that Defendant is vicariously liable for any calls.

### 1. Plaintiffs allege non-defendants Dave and Robert called them

The Complaint describes two calls Plaintiff Ewing received from non-defendants. First, Plaintiff Ewing identifies a December 2018 call that he received from "US Global

Real Estate" and an individual named "Dave." Complaint at ¶ 8. Plaintiff Ewing vaguely asserts that "Dave" called from a number "owned, used, and controlled by Stall and its agents." *Id.* Plaintiff Ewing further alleges that "Dave transferred the call to another Stall person." *Id.* However, Dave is not alleged to be Defendant's employee and there is no allegation that Defendant hired or paid Dave. To the contrary, Plaintiffs allege that "Dave" was with "Global Realty," not Defendant. *Id.*

Second, Plaintiffs identify a February 7, 2019 call that Plaintiff Ewing received from "Robert." Complaint ¶ 9. However, there is no allegation that "Robert" was Defendant's employee or that Defendant hired or paid "Robert" to call Plaintiff Ewing. Subsequent paragraphs of the Complaint confirm that the only calls Plaintiffs received came from "Dave" and "Robert." ¶ 61.[1]

### 2. Plaintiffs make general and conclusory allegations that Defendant called them

These December 2018 and February 2019 telephone calls from "Dave" and "Robert" are the only calls detailed in the Complaint. The remaining allegations against Defendant are conclusory and disjointed. Plaintiffs fail to distinguish any particular conduct allegedly performed by Defendant, and then claim that he placed repeated unwanted calls to Plaintiffs' cell phone and home phone. For instance, without identifying any dates, times, phone numbers, or the content of the calls, Plaintiffs allege:

- "[Defendant] has been bombarding Mr. Ewing and Ms. Stark, without, their consent, with autodialed and prerecorded calls ('robocalls') as well as 'live-transfer' call." Complaint ¶ 3.

- "Defendant Stall and its hired and controlled agents, including but not limited to Global Marketing, have robocalled Plaintiff Ewing and Stark dozens more times." *Id.* ¶ 3.

---

[1] Plaintiffs inconsistently allege that they received prerecorded calls advertising carpet cleaning services. ¶¶ 59, 61. Defendant is a licensed real estate broker with no connection to carpet cleaning services. ¶ 5. These stray allegations appear to be remnants of a prior complaint Plaintiffs filed against a carpet cleaning company.

- "[Defendant] made illegal telemarketing robocalls to Mr. Ewing, while he was in California." *Id.* ¶ 7.

- "Plaintiff Ewing was called on his cellular phone of 619-888-1296 by [Defendant]." *Id.* ¶ 8.

- "Defendants Stall placed repeated automated telephone calls to Plaintiff Ewing's cell phone (619-719-9640) and home phone (619-798-2016)." *Id.* ¶ 28.

- "Plaintiff was called on his cellular phone at least four (5) times by Defendants." *Id.* ¶ 36.

- "Defendant Stall contacted [Plaintiffs] using a telephone dialing system." *Id.* ¶ 45

- "[Defendant] placed at least 9 telemarketing robocalls to [Plaintiff]." *Id.* ¶ 61.

- "More than a half dozen of [Defendant's] telemarketing robocalls were made to [Plaintiff]." *Id.* ¶¶ 63, 64.

### 3. Plaintiffs make unsupported agency allegations

Devoid of any facts, the Complaint also pleads vicarious liability. Plaintiffs repeatedly allege the "acts and omissions of [Defendant] and/or its affiliates or agents constitute multiple violations of the TCPA." Complaint ¶¶ 68, 74, 79. Similarly, Plaintiffs allege "[Defendant], through their dba's and agents, initiated the primary telemarketing calls to Plaintiff." ¶ 7. Plaintiffs make the unsupported claim that the defendants "have all designed, planned and orchestrated the telemarketing scheme and scam together." *Id.* ¶ 52. Even though there is only one named defendant, Plaintiffs conclude that "[e]ach named defendant in this matter is vicariously liable for the acts and actions of each of the other named defendants." *Id.* ¶ 69.[2]

---

[2] Without providing any details, Plaintiffs also allege an unknown third party, "ABC, Inc." (a "Doe Defendant"), was "hired by [Defendant] to knowingly and intentionally make robo-dialed calls to Plaintiff Ewing with a pre-recorded voice message that was used from telemarketing purposes between June 30, 2019 and January 11, 2019." Complaint ¶ 30.

### III.  ARGUMENT

A complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests" and its factual allegations must "raise the right to relief above a speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements" does not meet the requisite pleading standard. *Id.* Here, the Complaint fails to allege sufficient facts to state a TCPA claim or a violation of California's Invasion of Privacy Act.

**A.    Plaintiffs Fail To State A Claim Under The TCPA**

Plaintiffs assert three causes of action under the TCPA for making auto-dialed calls to a cell phone, placing prerecorded telemarketing calls to a residential telephone, and calling a phone number on the National Do No Call Registry. Complaint ¶¶ 67-82. To state a claim for violation of the TCPA, a plaintiff must allege that the defendant called him. *Holt v. Facebook, Inc.,* 240 F. Supp. 3d 1021, 1026 (N.D. Cal. 2017). Here, Plaintiffs fail to sufficiently allege facts showing that Defendant called either of them. Rather, Plaintiffs allege that third-parties Dave and Robert made the calls. Complaint ¶¶ 8, 9. Because Plaintiffs do not and cannot allege any facts showing that Defendant called either of them, or that Defendant employed, hired, or otherwise controlled any third-party callers, the TCPA claims should be dismissed.

**1.    The TCPA claims should be dismissed because Plaintiffs allege third parties Dave and Robert called them**

The Complaint describes just two calls that Plaintiff Ewing allegedly received: a December 2018 call from Dave and another February 7, 2019 call from Robert. Complaint ¶¶ 8, 9, 61. However, fatal to Plaintiffs' TCPA claim, Plaintiffs do not allege that Defendant employed, hired, or paid Dave or Robert to call Plaintiffs. To the contrary, Plaintiffs allege Dave called from Global Realty. *Id.* ¶ 8. Thus, by Plaintiffs'

own admissions, third-party callers Dave and Robert are the parties responsible for calling them. These allegations are therefore insufficient to plead a TCPA claim against Defendant.

### 2. Plaintiffs' TCPA claims should be dismissed because they allege no facts showing Defendant called them

Plaintiffs' allegations against Defendant are conclusory, disjointed, and fall well short of satisfying the legal elements of a TCPA claim. Besides the December 2018 and February 2019 calls by other third parties, Plaintiffs fail to allege any facts showing Defendant called them. Instead, Plaintiffs make speculative and conclusory allegations that they received calls from an automatic dialing system and that Defendant is somehow responsible. *See* Complaint ¶¶ 3, 7, 8, 28, 36, 45, 61. For instance, Plaintiffs allege "Defendants Stall placed repeated automated telephone calls to Plaintiff Ewing's cell phone." *Id.* ¶ 28. Without any supporting facts, Plaintiffs plead "Stall has been bombarding Mr. Ewing and Ms. Stark, without their consent, with autodialed and prerecorded calls." *Id.* ¶ 3. Plaintiffs further allege that Defendant "contacted them using a telephone dialing system." *Id.* ¶ 45.

These threadbare allegations fail to specify the time and date of the alleged calls, the content of the calls, and Defendant's telephone number. Such allegations, offering "a formulaic recitation of the elements" of Plaintiffs' claim, "will not do." *Ashcroft*, 556 U.S. at 678. Courts have dismissed similar TCPA claims at the pleading stage where the plaintiff failed to provide call dates, details, or identifying phone numbers. *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1253-54 (M.D. Fla. 2012) ("Plaintiff's contention that he must only allege that a call was placed to a cellular phone using an automatic telephone system, without any dates, details, or identifying phone numbers, is not supported by case law."); *Cunningham v. TechStorm, LLC*, 2017 WL 721079, at *2 (N.D. Tex. Feb. 23, 2017) (granting motion to dismiss because pleadings do "not provide sufficient factual allegations regarding the source, time, and frequency of the

1  calls"). Because Plaintiffs cannot provide basic calling information to support their
2  TCPA claims, the Court should dismiss the Complaint.

3    **3. The TCPA claims should be dismissed because Plaintiffs fail to allege sufficient facts establishing vicarious liability**
4

5    "[A] defendant may be held vicariously liable for TCPA violations where the
6  plaintiff establishes an agency relationship, as defined by federal common law, between
7  the defendant and a third-party caller." *Gomez v. Campbell-Ewald Co.,* 768 F.3d 871, 879
8  (9th Cir. 2014). To establish an agency relationship, Plaintiffs must show that
9  Defendant "controlled or had the right to control" Dave or Robert – specifically the
10 "manner and means" of the calls. *See Thomas v. Taco Bell Corp.*, 582 Fed. Appx. 678, 679
11 (9th Cir. 2014). "Though the precise details of the agency relationship need not be
12 pleaded to survive a motion to dismiss, sufficient facts must be offered to support a
13 reasonable inference that an agency relationship existed." *Meeks v. Buffalo Wild Wings, Inc.*,
14 2018 WL 1524067, at *5 (N.D. Cal. Mar. 28, 2018).

15   Here, even though there is only one defendant, Plaintiffs assert that "[e]ach
16 Defendant is a co-conspirator with each other Defendant" and that they "have all
17 designed, planned and orchestrated the telemarketing scheme and scam together."
18 Complaint ¶ 52. Plaintiffs also allege they were called by "Defendant Stall and its hired
19 and controlled agents." *Id.* ¶ 3. However, these conclusory allegations are insufficient to
20 establish vicarious liability because they do not state facts showing that Defendant
21 controlled, authorized, or even knew about Dave or Robert's calls to Plaintiffs. *See*
22 *Panacci v. A1 Solar Power, Inc.*, 2015 WL 3750112, at *7 (N.D. Cal. June 15, 2015)
23 (dismissing TCPA claim for failing to properly plead vicarious liability); *Linlor v. Five9,*
24 *Inc.*, 2017 WL 5885671, at *2-4 (S.D. Cal. Nov. 29, 2017) (dismissing where plaintiff did
25 not allege defendant had any control over the third-party callers). Further, there is no
26 allegation that Defendant employed, hired, or paid Dave or Robert. Accordingly,
27 ///
28 ///

Plaintiffs fail state a TCPA claim based on vicarious liability.[3]

**B.     Plaintiffs Fail To State A Claim Under CIPA**

While the Complaint does not include a cause of action for violation of California's Invasion of Privacy Act ("CIPA"), Plaintiffs appear to allege a CIPA violation. Complaint ¶ 2. Plaintiffs also seek relief for a CIPA violation. *See* Prayer For Relief, Sections E & H. To state a claim for a CIPA violation under California Penal Code § 637.2, a plaintiff must allege "(1) an electronic recording of (or eavesdropping on); (2) a 'confidential' communication; and (3) all parties did not consent." *Hoffman v. Cenlar Agency, Inc.,* 2013 WL 1285126, at *2 (S.D. Cal. Mar. 27, 2013) (citing *Flanagan v. Flanagan,* 27 Cal. 4th 766, 774-76 (2000)).

Plaintiffs have not sufficiently alleged a CIPA claim for several reasons. First, Plaintiffs have not alleged any facts showing either Plaintiff spoke with Defendant on the phone. Second, Plaintiffs fail to plead any facts suggesting that Defendant recorded any of the alleged phone calls. Accordingly, Plaintiffs have not alleged that Defendant surreptitiously recorded phone calls in violation of CIPA.

### IV.     CONCLUSION

For the foregoing reasons, the Complaint should be dismissed for failure to state a claim under Rule 12(b)(6). Because Defendant never called either Plaintiff, the dismissal should be with prejudice.

Dated:  March 15, 2019                             FITZGERALD KNAIER LLP

                                                   By: *s/ Keith M. Cochran*
                                                   Keith M. Cochran, Esq.
                                                   Attorney for Defendant
                                                   Stuart Stall

---

[3] Plaintiffs allege "[e]ach named defendant in this matter is vicariously liable for the acts and actions of each of the other named defendants." Complaint ¶ 69. This allegation makes no sense because there is only one defendant.