FITZGERALD KNAIER LLP
Keith M. Cochran, Esq. (SBN: 254346)
kcochran@fitzgeraldknaier.com
402 West Broadway, Suite 1400
San Diego, CA 92101
Tel: (619) 241-4810
Fax: (619) 955-5318

Attorney for Defendant Stuart Stall

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**Collette Stark**, an individual,
**Anton Ewing**, an individual,

Plaintiffs,

v.

**Stuart Stall**, an individual,

Defendant.

Case No. 3:19-cv-0366-AJB-NLS

**Memorandum of Points and Authorities in Support of Defendant Stuart Stall's Motion to Dismiss the First Amended Complaint**

Hon. Anthony J. Battaglia
Hon. Magistrate Nita L. Stormes

Date: June 13, 2019
Time: 2:00 p.m.
Courtroom: 4A

Case Filed: February 22, 2019
Trial Date: None Set

## I. INTRODUCTION

Plaintiff Anton Ewing – a serial pro se litigator who has been deemed a vexatious litigant by the Superior Court of California – and plaintiff Collette Stark allege they received unwanted telephone calls in violation of the Telephone Consumer Protection Act ("TCPA"). The claims are baseless as defendant Stuart Stall ("Defendant") never called either of them. Merits aside, dismissal is appropriate because Plaintiffs fail to satisfy basic pleading requirements. Accordingly, Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(6).

Plaintiffs fail to plead facts sufficient to state a claim under the TCPA. Plaintiffs do not identify any calls they supposedly received from Defendant (for the simple reason that he never called them). Instead, Plaintiff Ewing details two calls that he received from third-party non-defendants. Plaintiff Ewing has not alleged any facts showing that Defendant employed or controlled any third-party callers, so there can be no vicarious liability. Because Plaintiffs have not alleged facts to support a key element of a TCPA claim (i.e., that Defendant called either of them), the First Amended Complaint should be dismissed.

## II. BACKGROUND

Despite filing a 41 page, 80-paragraph First Amended Complaint ("FAC"), Plaintiffs allege few factual allegations about Defendant. Scattered throughout the FAC, Plaintiffs claim they received repeated and unwanted automated telephone calls in violation of the TCPA, yet do not identify any calls they supposedly received from Defendant. Plaintiffs' allegations fall into three general categories: (1) factual allegations showing that third parties "Dave" and "Robert" called Plaintiffs; (2) conclusory allegations that Defendant called Plaintiffs; and (3) unsupported allegations that Defendant is vicariously liable for any calls.

### 1. Plaintiffs allege non-defendants Dave and Robert called them

The FAC describes two calls Plaintiff Ewing received from non-defendants. First, Plaintiff Ewing identifies a December 2018 call that he received from "US Global Real

Estate" and an individual named "Dave." FAC at ¶ 7. Plaintiff Ewing vaguely asserts that "Dave" called from a number "owned, used, and controlled by Stall and its agents." *Id.* Plaintiff Ewing further alleges that "Dave transferred the call to another Stall person." *Id.* However, Dave is not alleged to be Defendant's employee and there is no allegation that Defendant hired, paid, or controlled Dave. To the contrary, Plaintiffs allege that "Dave" was with "Global Realty," not Defendant. *Id.*

Second, Plaintiffs identify a February 7, 2019 call that Plaintiff Ewing received from "Robert." FAC ¶ 8. However, there is no allegation that "Robert" was Defendant's employee or that Defendant hired, paid, or controlled "Robert." Subsequent paragraphs of the Complaint confirm that the only calls Plaintiffs received came from "Dave" and "Robert." ¶ 59.[1]

**2. Plaintiffs make general and conclusory allegations that Defendant called them**

These December 2018 and February 2019 telephone calls from "Dave" and "Robert" are the only calls detailed in the FAC. The remaining allegations against Defendant are conclusory and disjointed. Plaintiffs fail to distinguish any particular conduct allegedly performed by Defendant, and then claim that he placed repeated unwanted calls to Plaintiffs' cell phone and home phone. For instance, without identifying any dates, times, Defendant's phone numbers, or the content of the calls, Plaintiffs allege:

- "[Defendant] has been bombarding [Plaintiffs], without their consent, with autodialed and prerecorded calls ('robocalls') as well as 'live-transfer' call." FAC ¶ 2.

- "Defendant Stall and its hired and controlled agents, including but not limited to Global Marketing, have robocalled Plaintiff Ewing and Stark dozens more times." *Id.* ¶ 2.

---

[1] Plaintiffs inconsistently allege that they received prerecorded calls advertising carpet cleaning services. ¶¶ 57-58. Defendant is a licensed real estate broker with no connection to carpet cleaning services. ¶ 4. These stray allegations appear to be remnants of a prior complaint Plaintiffs filed against a carpet cleaning company.

- "[Defendant] made illegal telemarketing robocalls to Mr. Ewing, while he was in California." *Id.* ¶ 6.
- "Plaintiff Ewing was called on his cellular phone of 619-888-1296 by [Defendant]." *Id.* ¶ 7.
- "Defendants Stall placed repeated automated telephone calls to Plaintiff Ewing's cell phone (619-719-9640) and home phone (619-798-2016)." *Id.* ¶ 27.
- "Plaintiff was called on his cellular phone at least four (5) times by Defendants." *Id.* ¶ 34.
- "Defendant Stall contacted [Plaintiffs] using a telephone dialing system." *Id.* ¶ 43.
- "[Defendant] placed at least 9 telemarketing robocalls to [Plaintiff]." *Id.* ¶ 59.
- "More than a half dozen of [Defendant's] telemarketing robocalls were made to [Plaintiff]." *Id.* ¶¶ 61, 62.

**3. Plaintiffs make unsupported agency allegations**

Devoid of facts, the FAC also pleads vicarious liability. Plaintiffs repeatedly allege the "acts and omissions of [Defendant] and/or its affiliates or agents constitute multiple violations of the TCPA." FAC ¶¶ 67, 72, 77. Similarly, Plaintiffs allege "[Defendant], through their dba's and agents, initiated the primary telemarketing calls to Plaintiff." *Id.* ¶ 6. Plaintiffs make the unsupported claim that the defendants "have all designed, planned and orchestrated the telemarketing scheme and scam together." *Id.* ¶ 50. Even though there is only one named defendant, Plaintiffs conclude that "[e]ach named defendant in this matter is vicariously liable for the acts and actions of each of the other unnamed persons." *Id.* ¶ 67.

Recognizing the deficiencies in the original complaint, Plaintiffs add a new section of conclusory agency allegations to the FAC. *See* FAC at 2:8-5:6. Abandoning their primary liability theory, Plaintiffs now allege that Defendant "hired" and "paid" nonparty US Global to set real estate appointments and call Plaintiffs. *Id.* at 2:11-15;

3:12-18. Plaintiffs allege Defendant "knows" US Global engaged in telemarketing. *Id.* at 2:16-17. Plaintiffs claim every call they received was "done at the direction of and on [Defendant's] specific orders," but fail to identify any specific orders given. *Id.* at 2:25. Without providing any details, Plaintiffs allege that Defendant "required US Global to ask specific questions on each telemarketing call." *Id.* at 5:4-5. Based on these conclusory allegations, Plaintiffs allege Defendant maintained "sufficient control to warrant vicarious liability." *Id.*

## III. ARGUMENT

A complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests" and its factual allegations must "raise the right to relief above a speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements" does not meet the requisite pleading standard. *Id.* Here, the FAC fails to allege sufficient facts to state a TCPA claim under either a primary liability or vicarious liability theory.

### A. Plaintiffs Fail To State A TCPA Claim Under A Primary Liability Theory

Plaintiffs assert three causes of action under the TCPA for making auto-dialed calls to a cell phone, placing prerecorded telemarketing calls to a residential telephone, and calling a phone number on the National Do No Call Registry. FAC ¶¶ 65-80. To state a claim for violation of the TCPA, a plaintiff must allege that the defendant called him. *Holt v. Facebook, Inc.,* 240 F. Supp. 3d 1021, 1026 (N.D. Cal. 2017). Here, Plaintiffs fail to sufficiently allege facts showing that Defendant called either of them. Rather, Plaintiffs allege that third-parties Dave and Robert made the calls. FAC ¶¶ 7, 8. Thus, Plaintiffs fail to allege Defendant is directly liable for violating the TCPA.

///

///

**1. The TCPA claims should be dismissed because Plaintiffs allege third parties Dave and Robert called them**

The FAC describes just two calls that Plaintiff Ewing allegedly received: a December 2018 call from Dave and another February 7, 2019 call from Robert. FAC ¶¶ 7, 8, 59. However, fatal to Plaintiffs' TCPA claim, Plaintiffs do not allege that Defendant employed, hired, or paid Dave or Robert to call Plaintiffs. To the contrary, Plaintiffs allege Dave called from Global Realty. *Id.* ¶ 7. Thus, by Plaintiffs' own admissions, third-party callers Dave and Robert are the parties responsible for calling them (or Global Realty). These allegations are therefore insufficient to plead a TCPA claim against Defendant.

**2. Plaintiffs' TCPA claims should be dismissed because they allege no facts showing Defendant called them**

Plaintiffs' direct liability allegations against Defendant are conclusory, disjointed, and fall well short of satisfying the legal elements of a TCPA claim. Besides the December 2018 and February 2019 calls by other third parties, Plaintiffs fail to allege any facts showing Defendant called them. Instead, Plaintiffs make speculative and conclusory allegations that they received calls from an automatic dialing system and that Defendant is somehow responsible. *See* FAC ¶¶ 2, 6, 7, 27, 34, 43, 59. For instance, Plaintiffs allege "Defendants Stall placed repeated automated telephone calls to Plaintiff Ewing's cell phone." *Id.* ¶ 27. Without any supporting facts, Plaintiffs plead "Stall has been bombarding Mr. Ewing and Ms. Stark, without their consent, with autodialed and prerecorded calls." *Id.* ¶ 2. Plaintiffs further allege that Defendant "contacted them using a telephone dialing system." *Id.* ¶ 43.

These threadbare allegations fail to specify the time and date of the alleged calls, the content of the calls, and Defendant's telephone number. Such allegations, offering "a formulaic recitation of the elements" of Plaintiffs' claim, "will not do." *Ashcroft*, 556 U.S. at 678. Courts have dismissed similar TCPA claims at the pleading stage where the plaintiff failed to provide call dates, details, or identifying phone numbers. *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1253-54 (M.D. Fla. 2012) ("Plaintiff's

contention that he must only allege that a call was placed to a cellular phone using an automatic telephone system, without any dates, details, or identifying phone numbers, is not supported by case law."); *Cunningham v. TechStorm, LLC*, 2017 WL 721079, at *2 (N.D. Tex. Feb. 23, 2017) (granting motion to dismiss because pleadings do "not provide sufficient factual allegations regarding the source, time, and frequency of the calls"). Because Plaintiffs cannot provide basic calling information to support their TCPA claims, dismissal is warranted.

**B. Plaintiffs Fail To State A TCPA Claim Under A Vicarious Liability Theory**

"[A] defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller." *Gomez v. Campbell-Ewald Co.,* 768 F.3d 871, 879 (9th Cir. 2014). For an agency relationship to exist, the agent must have authority to act on behalf of the principal and the principal must have the right to control the agent's actions. *Mavrix Photographs, LLC v. LiveJournal, Inc.,* 873 F.3d 1045, 1054 (9th Cir. 2017). "Agency means more than mere passive permission; it involves request, instruction, or command." *Meeks v. Buffalo Wild Wings, Inc.*, 2018 WL 1524067, at *6 (N.D. Cal. Mar. 28, 2018). In order to establish agency liability for a TCPA violation, a plaintiff "must do more than establish an agency relationship." *Jones v. Royal Admin. Servs., Inc.,* 887 F.3d 443, 449 (9th Cir. 2018). A plaintiff "must also establish actual authority to place the unlawful calls." *Id.* Here, Plaintiffs fail to plead facts sufficient to show an agency relationship or actual authority.

**1. Plaintiffs fail to plead facts showing actual authority or control**

"Actual authority is limited to actions specifically mentioned to be done in a written or oral communication or consistent with a principal's general statement of what the agent is supposed to do." *Jones*, 887 F. 3d at 449. Here, even though there is only one defendant, Plaintiffs assert "[e]ach Defendant is a co-conspirator with each other Defendant" and that they "have all designed, planned and orchestrated the telemarketing scheme and scam together." FAC ¶ 50. Plaintiffs also allege they were called by

"Defendant Stall and its hired and controlled agents." *Id.* ¶ 2. But these allegations are too general and conclusory to plead that Defendant authorized any calls.

Plaintiffs allege that Defendant "paid US Global $3,900 plus 20% of his real estate broker commissions for 60 leads (appointments) per year." FAC at 2:13-15. By Plaintiffs' own allegation, payment was made for real estate leads, not telemarketing calls. Moreover, payment for leads does not mean Defendant authorized telemarketing calls. Accordingly, this allegation does not support an agency relationship.

Plaintiffs also fail to plead that Defendant "controlled or had the right to control" Dave or Robert – specifically the "manner and means" of the calls. *See Thomas v. Taco Bell Corp.*, 582 Fed. Appx. 678, 679 (9th Cir. 2014). Plaintiffs allege Defendant "knowingly hired and paid" US Global to call Plaintiffs and that each call Plaintiffs received "was done at the direction of and on specific orders" of Defendant. FAC at 2:22-25. However, these conclusory allegations are insufficient to establish vicarious liability because they do not state facts showing that Defendant controlled, authorized, or even knew about Dave or Robert's calls to Plaintiffs. *See Panacci v. A1 Solar Power, Inc.*, 2015 WL 3750112, at *7 (N.D. Cal. June 15, 2015) (dismissing TCPA claim for failing to properly plead vicarious liability); *Linlor v. Five9, Inc.*, 2017 WL 5885671, at *2-4 (S.D. Cal. Nov. 29, 2017) (dismissing where plaintiff did not allege defendant had any control over the third-party callers); *Naiman v. TranzVia LLC*, 2017 WL 5992123, at *10-11 (N.D. Cal. Dec. 4, 2017) (granting motion to dismiss TCPA claim because defendant's agreement with telemarketer on the volume of calling and the number of leads per day did not amount to control over the telemarketer).[2]

**2. Plaintiffs fail to allege facts showing apparent authority or ratification**

Plaintiffs also fail to allege apparent authority or ratification. Apparent authority "can only be established by proof of something said or done by the [alleged principal],

[2] Plaintiffs also allege that Defendant "required US Global to ask specific questions on each telemarketing call," but fail to provide any details. FAC at 5:4-6. This vague allegation is unsupported by any facts and does not satisfy the pleading requirements.

on which [the plaintiff] reasonably relied" to the plaintiff's detriment. *Thomas*, 582 Fed. Appx. at 679. Here, Plaintiffs do not allege that they "reasonably relied, much less to[their] detriment, on any apparent authority with which [Defendant] allegedly cloaked" the entity responsible for making the calls. *See id.* at 679-80. Finally, Plaintiffs fail to allege ratification. A principal may be liable "when it ratifies an originally unauthorized tort," but "the principal-agent relationship is still a requisite, and ratification can have no meaning without it." *See id.* at 680. Plaintiffs do not allege facts showing the existence of a principal-agent relationship, nor do Plaintiffs allege Defendant somehow approved of US Global's purported violations of the TCPA. In sum, the FAC fails to sufficiently allege actual authority, apparent authority, or ratification.

## IV. CONCLUSION

For the foregoing reasons, the FAC should be dismissed with prejudice for failure to state a claim under Rule 12(b)(6).

Dated: April 3, 2019 FITZGERALD KNAIER LLP

By: *s/ Keith M. Cochran*
Keith M. Cochran, Esq.
Attorney for Defendant
Stuart Stall