FITZGERALD KNAIER LLP
   Keith M. Cochran, Esq. (SBN: 254346)
   kcochran@fitzgeraldknaier.com
402 West Broadway, Suite 1400
San Diego, CA 92101
Tel:  (619) 241-4810
Fax:  (619) 955-5318

Attorney for Defendant Stuart Stall

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Collette Stark**, an individual,<br>**Anton Ewing**, an individual,<br><br>                  Plaintiffs,<br><br>  v.<br><br>**Stuart Stall**, an individual,<br><br>                  Defendant. | Case No. 3:19-cv-0366-AJB-NLS<br><br>**Reply in Support of Defendant Stuart Stall's Motion to Dismiss the First Amended Complaint**<br><br>Hon. Anthony J. Battaglia<br>Hon. Magistrate Nita L. Stormes<br><br>Date:        June 13, 2019<br>Time:       2:00 p.m.<br>Courtroom:  4A<br><br>Case Filed: February 22, 2019<br>Trial Date: None Set |

## I. INTRODUCTION

Plaintiffs Anton Ewing and Collette Stark's Opposition now concedes that Defendant Stuart Stall ("Defendant") did not directly call them. Instead, Plaintiffs rely exclusively on a vicarious liability theory, claiming "Defendant Stall made telemarketing calls to both Plaintiffs through a third party that Stall hired to solicit Plaintiffs for real estate home sale listings." Opp. at 4:19-22. However, the Opposition confirms that the First Amended Complaint ("FAC") contains nothing but threadbare agency allegations. Relevant case law addressing vicarious liability in the TCPA context makes clear that Plaintiffs' conclusory allegations are insufficient to state a claim. Because Plaintiffs have not alleged facts to support a key element of a TCPA claim (i.e., that Defendant had an agency relationship with and control over the actual callers), the FAC should be dismissed.

Plaintiffs also devote three pages of the Opposition to standing arguments. Opp. at 6-8. But Defendant never challenged Plaintiffs' standing in his Rule 12(b)(6) Motion, so this is not at issue.

## II. ARGUMENT

### A. Plaintiffs Concede Defendant Did Not Call Them

Despite alleging in multiple paragraphs of the FAC that Defendant called them, Plaintiffs' Opposition now concedes the truth – an unnamed third party called Plaintiffs, not Defendant. Opp. at 4:19-22. Thus, Plaintiffs, by their own admissions, have not alleged facts to support a key element of a direct TCPA claim (i.e., that Defendant called either them). Accordingly, Plaintiffs' have abandoned their direct liability theory.

### B. Plaintiffs' Vicarious Liability Theory Similarly Fails

Plaintiffs' case now rests on a vicarious liability theory. However, Plaintiffs' vague and conclusory allegations against Defendant, and their arguments regarding vicarious liability fall flat. "[A] defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller." *Gomez v. Campbell-Ewald Co.,* 768 F.3d

871, 879 (9th Cir. 2014).  Indeed, for an agency relationship to exist, the agent must have authority to act on behalf of the principal and the principal must have the right to control the agent's actions.  *Mavrix Photographs, LLC v. LiveJournal, Inc.,* 873 F.3d 1045, 1054 (9th Cir. 2017).  The FAC makes no such showing.  Accordingly, dismissal is appropriate under Rule 12(b)(6).

Defendant's moving papers cited three key cases discussing vicarious liability in the TCPA context, which Plaintiffs fail to address: *Jones v. Royal Admin. Servs., Inc.,* 887 F.3d 443, 449 (9th Cir. 2018); *Linlor v. Five9, Inc.*, 2017 WL 5885671, at *2-4 (S.D. Cal. Nov. 29, 2017); and *Panacci v. A1 Solar Power, Inc.*, 2015 WL 3750112, at *7 (N.D. Cal. June 15, 2015).  These cases are instructive.  In *Jones,* the Ninth Circuit recognized that "[i]n determining whether vicarious liability may be imposed, the extent of control exercised by the [principal] is the essential ingredient."  887 F.3d at 450 (internal citations omitted).  The *Jones* court held that, while the defendant had "some amount of control" over the third-party caller, the defendant "did not have enough authority to control the … [caller]'s work" to be held vicariously liable.  *Id.* at 451-453.  The *Jones* court found the caller was "its own independent business that sold […] for multiple companies without direct supervision" from defendant, and had "provided its own equipment, set its own hours, and only received a payment if one of its telemarketers actually made a sale."  *Id.* at 453.

In *Linlor*, the court held the *pro se* plaintiff did not allege specific facts that the defendant "requested, instructed, or commanded that [the third parties] send out the text messages" at issue, and that the plaintiff had not alleged the defendant "had any control over" the third parties or that they "acted in any way" on defendant's behalf, as is required for vicarious liability.  2017 WL 5885671, at *2.  Accordingly, the Rule 12(b)(6) motion was granted.

In *Panacci v. A1 Solar Power, Inc.*, the court held that "[t]o establish an agency relationship" sufficient to confer TCPA vicarious liability, the plaintiff must show the defendant "controlled or had the right to control" the alleged agent, and specifically the

"manner and means of the calls" by the agent.  2015 WL 3750112, at *7.  The *Panacci* court dismissed under Rule 12(b)(6) because the complaint lacked facts that the defendant "controlled, authorized, or even knew about [third party's] phone calls" or "had any control over" the third-party caller, and because there were "virtually no allegations regarding their relationship."  *Id.*

The reasoning of *Jones, Linlor*, and *Panacci* applies here.  The FAC falls short of alleging specific facts sufficient to show an agency relationship.  For instance, the FAC does not allege that Defendant exerted any measure of control over US Global or that he supervised or controlled their calls in any way.  Nor does the FAC allege that US Global was operating as part of Defendant's business or was selling Defendant's services.  The FAC also does not allege that Defendant supplied US Global with the tools, instrumentality, or workplace to make the calls.  Further, the FAC does not allege that Defendant maintained a long-term or permanent working relationship with US Global.

Plaintiffs' Opposition relies entirely on the following four allegations from the FAC to support their agency theory:

> a.  Stall hired and paid a company by the name of US Global to set real estate appointments for Stall.
>
> b.  Stall paid US Global $3,900 plus 20% of his real estate broker commissions for 60 leads (appointments) per year.
>
> c.  Stall knows that US Global engages in telemarketing to obtain real estate leads for Stall.
>
> d.  Stall hired and paid a company by the name of US Global to set real estate appointments for Stall.

Opp. at 5:19-6:3.  But these threadbare conclusory agency allegations are insufficient to state a claim for vicarious liability under the TCPA.  Moreover, by Plaintiffs' own admission, payment was made for real estate leads and to set real estate appointments, not to make telemarketing calls.  Accordingly, these allegations fail to support a TCPA claim under *Jones, Linlor,* and *Panacci*.

### III.   CONCLUSION

For the foregoing reasons, the FAC should be dismissed with prejudice for failure to state a claim under Rule 12(b)(6).

Dated:   April 25, 2019

FITZGERALD KNAIER LLP

By: *s/ Keith M. Cochran*
Keith M. Cochran, Esq.
Attorney for Defendant
Stuart Stall