Anton Ewing (*Pro se*)
3077 B Clairemont Drive #372
San Diego, CA 92117
(619) 719-9640
anton@antonewing.com

Plaintiff

```
                    FILED

                  Aug 27 2019

              CLERK, U.S. DISTRICT COURT
            SOUTHERN DISTRICT OF CALIFORNIA
          BY        jrm              DEPUTY
```

# THE UNITED STATES FEDERAL DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

Collette Stark, an individual,
Anton Ewing, an individual,

        Plaintiff,

    vs.

Stuart Stall, an individual,
US Global, an unknown entity,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Case No. 19CV0366 AJB AHG

**SECOND AMENDED COMPLAINT**

**TCPA 47 USC §227(b)(1)(A)**
**TCPA 47 USC §227(c)(5)**

[*District Judge: Hon. Anthony J. Bataglia*]

[*Magistrate Judge: Hon. Allison H. Goddard*]

The Clerk of the Court is respectfully requested to issue an amended summons to now include Defendant US Global, an unknown entity.

May it please the Court, Plaintiff Anton Ewing (herein "Plaintiff" or "Ewing"), pursuant to leave granted at ECF No. 14 (pageID.191), for this

SECOND AMENDED Complaint against Defendant Stuart Stall (herein "Stall") and US Global, an unknown entity, (herein "US Global") (collectively "Defendants") alleges as follows:

The following are the amended allegations:

A. Stall is a California real estate broker that sells homes in San Diego.

B. Stall hired and paid a company by the name of US Global to set real estate appointments for Stall.

C. Stall controlled every aspect of the telemarketing operation.

D. Stall instructed US Global what to say on the telemarketing calls that US Global made on Stall's behalf.

E. Defendant Stall directed and had the power to compel US Global to make telephone calls on his behalf that violate the TCPA, including the calls that Stall directed US Global to make to Plaintiff.

F. Stall ordered US Global to call certain numbers in certain areas of San Diego County that Stall wanted to list and sell houses in.  Stall controlled and dictated the list of telemarketing phone numbers, which included Plaintiff Ewing's number.

G. Stall provided US Global with the lead list of phone numbers that Stall obtained from his other real estate databases.  Within said list was Plaintiff's phone numbers.

H. Stall required US Global to ask Plaintiff the following questions:

    a. "would you like to have a five minute real estate appraisal of your property"

    b. "are you the home owner"

    c. "are you the only person on title or is there another person that owns the home with you"

    d. "what is the address of the property"

    e. "what is your name"

    f. "what is your cell phone number"

    g. "what time are you available for an appointment"

    h. "would you like a written estimate of the maximum value of your home from our real estate broker"

I. "Dave" at US Global stated on the phone that they were at www.gqml.com.   Since US Global is unknown, Plaintiff will ask the Court to authorize a subpoena for the ownership information for this masked domain.

J. US Global, upon investigation, information and belief, is run by David Wodward at 202-335-5700 at 2110 Corporate Ridge, McLean, VA 22102 and uses help@gqmls.com

K. US Global, at all times relevant to this action, was the agent of Stall and

PLAINTIFFS SECOND AMENDED COMPLAINT FOR VIOLATIONS UNDER TCPA - 3

did whatever Stall told them to do.

L. Stall has a contract with US Global.

M. US Global, upon information and belief, may in fact be GQMLS, Inc, a Virginia corporation with SCC ID number 08276123 formed on 2/2/2018 with principle office at 2110 Corporate Ridge, Seventh Floor, McLean VA 22102.  Plaintiff will seek leave to amend to the true legal name once it has been confirmed via discovery.

N. US Global called home owners, including Plaintiff, to set "listing" appointments for Stall at the subject home, all within San Diego County where Stall does business as a license real estate broker.

O. Stall goes to homes, after appointments are set by US Global at his request, to provide home owners with real estate advice.  Stall went to Plaintiff's home at 4825 Sparks Avenue after Stall ordered and paid US Global to call Plaintiff to set up the "listing" appointment.

P. But for Stall ordering US Global to call Plaintiff for solicitation, US Global would never have called Plaintiff.

Q. Stall attempts to list the homes for sale based on the appointments set by US Global for Stall.  Stall attempt to get listings by having US Global inform those called, including Plaintiff, that he is merely going to provide them with a price opinion in writing and that it will only take five

PLAINTIFFS SECOND AMENDED COMPLAINT FOR VIOLATIONS UNDER TCPA - 4

19CV0366

minutes.

R.  Stall has paid US Global money for the telemarketing services that Stall requires them to perform for him.

S.  US Global has accepted payment of money from Stall for engaging in telemarketing at Stall's command.

T.  Stall and US Global have a business relationship.

U.  US Global contacts persons and potential customers via telephone.

V.  US Global does not scrub its telemarketing lists against the National Do Not Call Registry.

W. Stall ordered US Global to not scrub the telemarketing list, which included Plaintiff's phone number.

X.  Stall does not have a Do Not Call policy.

Y.  Stall was expressly asked by Plaintiff to send to Plaintiff a copy of Stall's Do Not Call policy.

Z.  US Global does not have a Do Not Call policy.

AA.   Stall has failed to adequately train his staff and agents on the Telemarketing Sales Rule.

BB.   Ewing did not solicit US Global or Stall prior to being called by US Global.

CC.   Stall paid US Global $3,900 plus 20% of his real estate broker

PLAINTIFFS SECOND AMENDED COMPLAINT FOR VIOLATIONS UNDER TCPA - 5

commissions for 60 leads (appointments) per year for 2019.

DD.   Stall knows that US Global engages in illegal telemarketing to obtain real estate leads for Stall. Stall was informed by Plaintiff about his scam and Plaintiff has that video of Stall while Stall was standing in front of Plaintiff's door at 4825 Spark's avenue. Then Stall subsequently had US Global call Collette Stark who lives in the same neighborhood, at 2175 Cowley Way.

EE.   Defendant's attorney Keith Cochran was asked repeatedly to hand over the exact name and address of US Global and he refused. Mr. Cochran only provided a name, Grace Rose Alvarez from Tracy, California, as a person with knowledge of US Global.

FF.   Ms. Grace Rose Alvarez has refused to talk to either Plaintiff or to Mr. Cochran.

GG.   Stall offered to hand over the true name of US Global along with his contract with them in exchange for a dismissal of this lawsuit. This is a confession and party admission by Stall that he in fact hired US Global to telemarket Plaintiff for his real estate business.

HH.   Stall is vicariously liable for the illegal acts of the agent, that is US Global, he knowingly hired, controlled and paid to make illegal calls in violation of the TCPA.

19CV0366

II. Stall is vicariously liable for the illegal telemarketing acts complained of within this complaint.

JJ. Each call that was made to Ewing by US Global was done at the direction of and on specific orders of Stall. Stall controlled every aspect of his agent's conduct. Stall instructed US Global on what to do and exactly how to do it with respect to illegal telemarketing of home-owners in specific zip codes in San Diego county.

KK. Stall stood in front of Ewing's home at 4825 Sparks Avenue and confessed to Ewing that Stall hired US Global. All of this was caught on video cameras right outside Ewing's front doorstep. There is a sign on the window next to Ewing's front door that clearly states that the premises is under video surveillance.

LL. Stall appeared at Ewing's home in early February 2019. This was not just out of pure luck or happenstance. Stall appeared because he paid a telemarketer, that is Defendant US Global, to set the appointment.

MM. Stall appear at Collette Stark's home on February 23, 2019 for a real estate listing appointment. This was not just out of pure luck or happenstance. Stall appeared because he paid a telemarketer to set the appointment.

NN. Both the 9th Circuit and the US Supreme Court in the *Gomez* case

have held that Stall is vicariously liable for the acts of US Global in TCPA matters.

OO.   Stall paid US Global to call Ewing from telephone number 844-853-7355.

PP.   Phone number 844-853-7355 is a number that is controlled and paid for by Stall.

QQ.   Stall set up 844-853-7355 for US Global to use on Stall's behalf.

RR.   US Global, hired by Stall, uses a Five9 automatic telephone dialing system.  This system has been determined to be an ATDS as defined by the 9th Circuit.

SS.   US Global admitted on the phone that they knew Stall and that Stall was their client for telemarketing leads.

TT.   US Global admitted to Plaintiff that Stall told them which numbers to call in San Diego, including Plaintiff's phone.

UU.   Section 310.3(b) of the TSR prohibits providing substantial assistance or support to telemarketers when that person knows or consciously avoids knowing that the seller or telemarketer is engaged in any act or practice that violates the TSR.  *United States v. Dish Network LLC*, No. 09-3073, 2017 U.S. Dist. LEXIS 85543, at *299 (C.D. Ill. June 5, 2017)

VV.   "Absent a clear expression of Congressional intent to apply another

standard, the Court must presume that Congress intended to apply the traditional standards of vicarious liability . . . ." *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012), aff'd, 582 F. App'x 678, 2014 U.S. App. LEXIS 12547, 2014 WL 2959160 (9th Cir. 2014) (per curiam). Although we have never expressly reached this question, several of our district courts have already concluded that the TCPA imposes vicarious liability where an agency relationship, as defined by federal common law, is established between the defendant and a third-party caller.  This interpretation is consistent with that of the statute's implementing agency, which has repeatedly acknowledged the existence of vicarious liability under the TCPA. The Federal Communications Commission is expressly imbued with authority to "prescribe regulations to implement the requirements" of the TCPA. 47 U.S.C. § 227(b)(2). As early as 1995, the FCC stated that "[c]alls placed by an agent of the telemarketer are treated as if the telemarketer itself placed the call." In re Rules and Regulations Implementing the TCPA of 1991, 10 FCC Rcd. 12391, 12397 (1995).  More recently, the FCC has clarified that vicarious liability is imposed "under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." In re Joint Petition Filed by Dish Network,

LLC, 28 FCC Rcd. 6574, 6574 (2013). Because Congress has not spoken directly to this issue and because the FCC's interpretation was included in a fully adjudicated declaratory ruling, the interpretation must be afforded *Chevron* deference. *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 877-78 (9th Cir. 2014).

WW.   Stall controlled US Global by requiring them to give Stall real estate leads, via illegal telemarketing to DNC protected numbers, within zip code 92110, where Plaintiff resides.  This is sufficient control to make Stall vicariously liable.

XX.   Stall required US Global to ask specific questions on each telemarketing call.  This is sufficient control to warrant vicarious liability.

## I.   INTRODUCTION

1.   The TCPA causes of action (47 USC §227(b) and (c)) filed herein for, *inter alia*, illegal telemarketing to each Plaintiff's DNC registered cellular phone and home phone through the use of an ATDS is expressly alleged against Defendant Stuart Stall.

2.   Stall has been bombarding Mr. Ewing, without his consent, with autodialed and prerecorded calls ("robocalls") as well as "live-transfer" calls using an ATDS as defined by the 9th Circuit in the *Crunch* case.  Mr. Ewing begged Stall to stop

these illegal calls, but since then, Defendant Stall and his hired and controlled agent, including but not limited to US Global, have robocalled Plaintiff Ewing repeatedly.  Mr. Ewing brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in hopes that an injunction and damages will encourage Stall and US Global, to change their ways.

## II. PARTIES

3.       Plaintiff Anton Ewing is a citizen of California who conduct business in California, in this District.

4.       Defendant Stall is a resident of Coronado, California at 667 Pomona Ave, Coronado, CA 92118 and licensed real estate broker.

5.       US Global is an unknown entity who location and legal status are also unknown.  Upon information and belief, US Global is GQMLS, Inc in Virginia.

## III. JURISDICTION AND VENUE

6.       Jurisdiction. This Court has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). This Court has supplemental subject matter jurisdiction over the Plaintiffs' claim arising under Civil Code §1770(a)(22)(A),  because those claims:

        a. arises from the same nucleus of operative fact, i.e., Defendant's telemarketing robocalls to Plaintiff;

  b.  adds little complexity to the case; and

  c.  relies on the same nucleus of facts, so it's unlikely to predominate
      over the TCPA claims.

7.   <u>Personal Jurisdiction.</u> This Court has personal jurisdiction over STALL and US Global because a substantial part of the wrongful acts alleged in this Complaint were committed in California. For example, STALL made illegal telemarketing robocalls to Mr. Ewing, while he was in California.   California Civil Code §1770(a)(22)(A) expressly prohibits the prerecorded messages that STALL and his agent, US Global, sent to Plaintiff.

8.   Plaintiff Ewing was called on his cellular phone of 619-888-1296 by Stall. Plaintiff was called nine times beginning on or about December, 2018, from 844-853-7355, numbers owned, used and controlled by Stall and its agent, with a prerecorded message that stated "*Hello, this is US Global Real Estate…*" and then "Dave" came on the line and introduced himself as being with "Global Realty." After many personal questions were asked and answered, Dave transferred the call to another Stall agent.

9.   Plaintiff Ewing received another robo call with a prerecorded message from "Robert" February 7, 2019.

10.   <u>Venue.</u> Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims occurred in this

District and because Defendant Stall resides in, i.e., is subject to personal

jurisdiction in, this District.   STALL has purposefully directed its activities to

California and advertises that he does business in California.

### IV. TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

11.    The TCPA makes it unlawful "to make any call (other than a call made for

emergency purposes or made with the prior express consent of the called party)

using an automatic telephone dialing system or an artificial or prerecorded voice…

to any telephone number assigned to a … cellular telephone service." 47 U.S.C.

§227(b)(1)(A)(iii).

12.    The TCPA makes it unlawful "to initiate any telephone call to any

residential telephone line using an artificial or prerecorded voice to deliver a

message without the prior express consent of the called party, unless the call is

initiated for emergency purposes, is made solely pursuant to the collection of a

debt owed to or guaranteed by the United States, or is exempted by rule or order"

of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

13.    Plaintiff Ewing alleges that Defendant Stall placed repeated automated

telephone calls to Plaintiff Ewing's cell phone (619-719-9640 and 619-888-1296)

from their phones and that the calls exhibited signs of being made with an

Automated Telephone Dialing System, including repeated telemarketing calls to

Plaintiff Ewing within a period of time in January and February 2019 and the

presence of a pause or click, which is commonly associated with an Automated Telephone Dialing System (ATDS). Those allegations are true and are sufficient to establish the elements of a TCPA claim.

14.     Plaintiff Ewing alleges that Defendant Stall and Defendant US Global contacted him using a "telephone dialing system" that had the capacity to store numbers and dial them without human intervention.

15.     Plaintiff is "the regular user and subscriber to the cellular telephone number at issue." Plaintiff has "never heard of [Defendants], visited any location operated by [Defendants], provided [his] cellular telephone number to [Defendants,] or consented to receive text messages from [Defendants]." As in *Charkchyan*, these allegations are sufficient to support Plaintiff's claims that he did not give prior express consent authorizing Defendants to send the prerecorded messages. Furthermore, the calls promote Stall's real estate business and fall within the FCC's definition of an advertisement and/or telemarketing. Thus, express written consent was required, and there is no evidence of such.

16.     Plaintiff asserts and pleads that he was the "called party." To have standing under the TCPA, a plaintiff must be the "called party." *See Charkchyan*, 2015 U.S. Dist. LEXIS 76560, 2015 WL 3660315 at *3, *4; 47 U.S.C. § 227(b)(1)(A). A telephone service subscriber is the "called party" within the meaning of the TCPA. *Charkchyan*, 2015 U.S. Dist. LEXIS 76560, 2015 WL 3660315 at *3.

# VI. ADDITIONAL FACTUAL ALLEGATIONS

## A. Stall

17.     One of Stall's strategies for marketing his real estate broker services is placing telemarketing robocalls to those who have not consented to receive such solicitations, including Plaintiff.

18.     Stall uses equipment, located at the US Global office, that has the capacity to store or produce random or sequential telephone numbers to be called and that includes autodialers and predictive dialers (each an "automatic telephone dialing system" or "ATDS").

19.     Stall knowingly advertises through US Global.

## B. Plaintiff

20.     Plaintiff Anton Ewing is, and at all times mentioned herein were, a "person" as defined by 47 U.S.C. § 153(39).

## C. Telephone numbers 619-719-9640 and 619-888-1296

21.     A phone numbers 619-719-9640 and 619-888-1296 are registered to Mr. Ewing.

22.     619-719-9640 and 619-888-1296 are on the National Do Not Call Registry.

23.     Mr. Ewing answers calls made to 619-719-9640 and 619-888-1296.

24.     Mr. Ewing pays the phone bills for 619-719-9640 and 619-888-1296.

19CV0366

25.     619-888-1296 was paid for by Mr. Ewing and it is on the National Do Not Call Registry.

**F. STALL's Illegal Telemarketing Robocalls to Plaintiff**

26.     On February 7, 2019, a call to 619-719-9640, which is Mr. Ewing's cellular telephone, caused his cell phone to ring. Mr. Ewing picked up. The person on the other end wasn't anyone Mr. Ewing knew.  In fact, it wasn't a person at all; it was a prerecorded voice.

27.     Plaintiff has never heard of Stall and had not given them permission to call him, let alone with a telemarketing robocall. Mr. Ewing was surprised and frustrated to be interrupted by a prerecorded solicitation to a phone number that had long been on the National Do No Call Registry.  Previously, in December of 2018, a call to 619-719-9640 caused Mr. Ewing's cell phone to ring again.  Again it was a prerecorded voice.

28.     It didn't stop there. *Stall placed at least 9 telemarketing robocalls to Mr. Ewing.* Calls in 2018 and 2019 often came from blocked lines.  The agent on the phone said he was with US GLOBAL and that he had real estate brokers on staff. The agents said their names were Dave and Robert on the calls.

29.     Most of these robocalls used a prerecorded or artificial voice, while the rest were marked by an unnatural click or pause at the beginning—signaling to Mr.

19CV0366

Ewing that the calls were placed by an ATDS rather than manually dialed by a person.

30.     More than a half dozen of Stall's telemarketing robocalls were made to Mr. Ewing after Stall knew of his desire to never be solicited via telemarketing calls, which is also publicly known in this District.

31.     Mr. Ewing repeatedly asked Stall to stop calling.

## VII. FIRST CLAIM FOR RELIEF

### (Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))

32.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

33.     The foregoing acts and omissions of Stall and US Global and/or its affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing robocalls to the cellular telephone numbers of Plaintiff without prior express written consent.

34.     Each named defendant in this matter is vicariously liable for the acts and actions of each of the other persons under the *Gomez* case from the US Supreme Court handed down on January 20, 2016.

35.     Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

19CV0366

36.     Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

37.     Plaintiff also seeks a permanent injunction prohibiting STALL and US Global and its affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without prior express written consent of the called party.

## VIII. SECOND CLAIM FOR RELIEF

**(Non-Emergency Robocalls to Residential Telephones, 47 U.S.C. § 227(b)(1)(B))**

38.     Mr. Ewing realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

39.     The foregoing acts and omissions of Stall and US Global and/or its affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(B), by making non-emergency prerecorded telemarketing calls to the cellular telephone 619-888-1296 number and 619-719-9640 number of Mr. Ewing without prior express written consent.

40.     Mr. Ewing is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

41.     Mr. Ewing is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

19CV0366

42.     Mr. Ewing also seeks a permanent injunction prohibiting STALL and US Global, and its affiliates and agents from making non-emergency prerecorded telemarketing calls to residential telephone numbers without prior express written consent of the called party.

## IX. THIRD CLAIM FOR RELIEF

**(Telemarketing Solicitations to National Do Not Call Registrants, 47 U.S.C. § 227(c))**

43.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

44.     The foregoing acts and omissions of Stall and US Global and/or its affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(c), by making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. §64.1200(c)(2).

45.     Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

46.     Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

47.     Plaintiff also seeks a permanent injunction prohibiting STALL and US Global and its affiliates and agents from making telemarketing solicitations to

19CV0366

residential and wireless telephone numbers listed on the Federal Government's

National Do Not Call Registry.

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants, jointly and

severally, as follows:

 A. Leave to amend this Complaint to conform to the evidence presented at trial;

 B. A declaration that actions complained of herein by Stall and US Global

   violate the TCPA;

 C. An order enjoining Stall and US Global and their affiliates and agents from

   engaging in the unlawful conduct set forth herein, including violation of

   47 USC §501;

 D. An award to Plaintiff of damages, as allowed by law under the TCPA, and

   not limited to the calls listed the complaint;

 E. $500 plus threefold damages for intentional or willful violation of the Do-

   Not-Call Registry for each and every call;

 F. For the payment of reasonable attorneys' fees and costs of suit incurred

   herein under all applicable statutes and rules including under Cal. Civ.

   Proc. Code §1021.5 for attorneys that have been or will be hired;

G. For an injunction prohibiting Defendant Stall and Defendant US Global from ever contacting Plaintiff ever again in any manner whatsoever, including spam texting, robodialing, and spam calling;

H. $1,500 for each violation of 16 CFR §610.4(b)(iii)(B) initiating a call to a DNC registered number;

I. $1,500 for each violation of 47 CFR §64.1601(3) caller ID spoofing;

J. $1,500 for each violation of 47 CFR §64.1200(d)(1) failure to provide copy of written do not call policy;

K. $1,500 for each violation of 47 CFR §64.1200(b)(1) failure to state name of business at beginning of call;

L. $1,500 for each violation of 47 USC §227(b)(1)(A)(iii) willful or knowing call to cellular phone;

M. $1,500 for each violation of 47 USC §227(b)(1) for using an ATDS;

N. $1,500 for each violation of 47 USC §227(c) and (d) for calling a phone number on the DNC registry; and

O. For any other relief that the Court deems just and proper.

## XI. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

Dated: August 27, 2019

/S/ Anton Ewing
Anton Ewing, Plaintiff

PLAINTIFFS SECOND AMENDED COMPLAINT FOR VIOLATIONS UNDER TCPA - 21

19CV0366

**PROOF OF SERVICE**

I, Anton Ewing, am over 18, a pro per plaintiff in this matter. I have filed this SECOND AMENDED COMPLAINT and had it served on Defendant Stall as follows:

**19-cv-0366-AJB-AHG Notice has been mailed to:**

I have also emailed a copy of this document to Defendant directly at the email address he uses to communicate with me at:

and by US Mail, postage pre-paid, first class to:

**Keith M. Cochran**
Fitzgerald Knaier, LLP
402 West Broadway, Suite 1400
San Diego, CA 92101
(619) 241-4810
Fax: (619) 955-5318
Email: kcochran@fitzgeraldknaier.com


As well as all other CM/ECF users registered in this matter

**Keith M. Cochran**
Fitzgerald Knaier, LLP
402 West Broadway, Suite 1400
San Diego, CA 92101
(619) 241-4810
Fax: (619) 955-5318
Email: kcochran@fitzgeraldknaier.com .


I swear under penalty of perjury that the above was served as stated.
Dated: August 27, 2019

/S/ *Anton Ewing*
Anton Ewing

PLAINTIFFS SECOND AMENDED COMPLAINT FOR VIOLATIONS UNDER TCPA - 22