FITZGERALD KNAIER LLP
 Keith M. Cochran, Esq. (SBN: 254346)
 kcochran@fitzgeraldknaier.com
402 West Broadway, Suite 1400
San Diego, CA 92101
Tel: (619) 241-4810
Fax: (619) 955-5318

Attorney for Defendant Stuart Stall

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Collette Stark**, an individual, **Anton Ewing**, an individual, <br><br>      Plaintiffs, <br><br>v. <br><br>**Stuart Stall**, an individual, **US Global**, an unknown entity, <br><br>      Defendant. | Case No. 3:19-cv-0366-AJB-AHG <br><br>**Memorandum of Points and Authorities in Support of Defendant Stuart Stall's Motion to Dismiss the Second Amended Complaint** <br><br>Date: January 16, 2020 <br>Time: 2:00 p.m. <br>Courtroom: 4A <br><br>Hon. Anthony J. Battaglia <br>Hon. Magistrate Allison H. Goddard <br><br>Case Filed: February 22, 2019 <br>Trial Date: None Set |

## I. INTRODUCTION

Plaintiffs' Second Amended Complaint alleges that Anton Ewing ("Ewing") received telephone calls from an automatic telephone dialing system ("ATDS") in violation of the Telephone Consumer Protection Act ("TCPA"). This claim is baseless as to Defendant Stuart Stall ("Stall") because neither Stall nor any agent of Stall ever called Ewing. As to Plaintiff Collette Stark ("Stark"), there is still no allegation that she ever answered a call, which is why the Court dismissed her from the First Amended Complaint for lack of standing.

Merits aside, dismissal is appropriate because Plaintiffs fail to satisfy basic pleading requirements and demonstrate an inability or unwillingness to follow court orders. Though this Court ordered Plaintiffs to provide necessary party US Global with notice and an opportunity to respond, it appears that Plaintiffs did not properly serve US Global. Though this Court cautioned Plaintiffs to state their claim in clear and concise terms, the Second Amended Complaint is incoherent, failing to put Stall on clear notice as to basic facts such as (1) who (Stall or US Global) allegedly called Plaintiffs or (2) who (Ewing or Ewing and Stark) is now suing him. Finally, Plaintiffs' Second Amended Complaint blatantly ignores an order from Judge Burns that directed Ewing to file Judge Burns' order along with any new pro se pleading Ewing files in the Southern District. Plaintiffs' repeated failure to state a proper claim or follow court orders demonstrates that any amended pleading would be futile and wasteful of judicial resources. Stall therefore respectfully requests that the Court dismiss the Second Amended Complaint with prejudice.

## II. BACKGROUND

Plaintiffs Ewing, a registered vexatious litigant,[1] and Stark ("collectively, "Plaintiffs") filed their original complaint against Defendant Stall on February 22, 2019. ECF No. 1. After Stall filed a motion to dismiss, which informed Plaintiffs of the numerous defects in their pleading, Plaintiffs abandoned their original pleading and filed

---

[1] https://www.courts.ca.gov/documents/vexlit.pdf

a First Amended Complaint on March 20, 2019.  ECF No. 2.  Stall responded to the First Amended Complaint with another motion to dismiss.  ECF No. 7.  The Court granted Defendant's motion to dismiss the First Amended Complaint, reasoning, among other things, that Plaintiffs failed to join a necessary party, did not properly allege that Stark had standing or that Stall placed the calls at issue or had an agency relationship with the entity that purportedly placed the calls.  ECF No. 14 (the "Order").  The Court granted Plaintiffs leave to amend.  In doing so, the Court explicitly warned Plaintiffs to comply with Federal Rule of Civil Procedure 8 and not file another pleading with allegations that are "redundant, conclusory, unnecessarily voluminous, and highly confusing."  Order at 11:8-18.

Plaintiffs have now filed a Second Amended Complaint.  ECF No. 16 (the "SAC").  It is just as muddled and confusing as the previous two iterations.  The only thing that is clear from this pleading is that Plaintiff Ewing alleges that he received repeated and unwanted automated telephone calls in violation of the TCPA.  It is not clear whether Ewing is alleging that Stall or US Global (or both) placed the allegedly TCPA offensive calls.  At times Plaintiffs seem to allege that Stall placed the calls himself:

- Plaintiff Ewing alleges that Defendant Stall placed repeated automated telephone calls to Plaintiff Ewing's cell phone (619-719-9640 and 619-888-1296) from their phones and that the calls exhibited signs of being made with an Automated Telephone Dialing System, including repeated telemarketing calls to Plaintiff Ewing within a period of time in January and February 2019 and the presence of a pause or click, which is commonly associated with an Automated Telephone Dialing System (ATDS).  Those allegations are true and are sufficient to establish the elements of a TCPA claim.  SAC ¶ 13.
- Stall uses equipment, located at the US Global office, that has the capacity to store or produce random or sequential telephone numbers to

be called and that includes autodialers and predictive dialers (each an "automatic telephone dialing system" or "ATDS"). *Id.* ¶ 18.

- One of Stall's strategies for marketing his real estate broker services is placing telemarketing robocalls to those who have not consented to receive such solicitations, including Plaintiff. *Id.* ¶ 17.
- More than a half dozen of Stall's telemarketing robocalls were made to Mr. Ewing after Stall knew of his desire to never be solicited via telemarketing calls, which is also publicly known in this District. *Id.* ¶ 30.
- Mr. Ewing repeatedly asked Stall to stop calling. *Id.* ¶ 31.

Confusingly, Plaintiffs seem to simultaneously (and inconsistently) allege that it was US Global (not Stall himself) who placed the calls:

- US Global called home owners, including Plaintiff, to set "listing" appointments for Stall at the subject home, all within San Diego County where Stall does business as a license real estate broker. SAC ¶ N.
- But for Stall ordering US Global to call Plaintiff for solicitation, US Global would never have called Plaintiff. *Id.* ¶ P.
- US Global contacts persons and potential customers via telephone. *Id.* ¶ U.

The Second Amended Complaint names US Global (who the Court held was a necessary party) as a Defendant, but it appears that US Global has not been properly served. On October 1, 2019, Plaintiffs filed a purported proof of service on a California Judicial Council form POS-010 rather than the appropriate Federal form AO-441. ECF No. 22. Plaintiffs' proof of service does not indicate how the summons was allegedly served on US Global (i.e., whether by personal service, service by mail, or otherwise). It also does not indicate that the summons was prepared on a form supplied and signed by the Clerk of Court, as required by the Federal Rules of Civil Procedure and the Civil Local Rules for the United States District Court for the Southern District of California.

## III.   ARGUMENT

### A.   Plaintiffs Failed to Join a Necessary Party

In its Order dismissing the First Amended Complaint, the Court explained that Federal Rule of Civil Procedure 19(a) required dismissal because US Global was a necessary party who Plaintiff failed to join.  Order at 8:8-9:2.  Because the inclusion of US Global is required to enable the Court to afford complete relief and for the parties to fully protect their interests, the Court ordered that "US Global, and not solely Defendant Stall, must be provided with notice of the action and an opportunity to respond." *Id.*

Despite the Court's clear guidance, Plaintiffs have not filed a proper proof of service of summons upon US Global.  Though Plaintiffs filed a document on October 1, 2019 that purports to be a proof of service of summons upon US Global (ECF No. 22), this document is defective.  It does not satisfy Civil Local Rule 5.2, as it does not indicate how (i.e. personal service, mail service, or other manner of service) or when Plaintiff allegedly served US Global.  Nor does this document demonstrate that US Global was served with a summons signed by the Clerk of Court and bearing the Court's seal, as required by Federal Rule of Civil Procedure 4(a)(1)(F)-(G).

There is no excuse for Plaintiffs' failure to demonstrate proper service as to necessary party US Global.  "[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).  Anton Ewing is not a typical pro se litigant.  He is a vexatious, serial plaintiff who has repeatedly demonstrated that he knows how to properly serve process and file proof of the same.  Having purportedly earned a juris doctorate, he is not disadvantaged by a "lack of formal training." *See Anton Ewing v. Oasis Media*, No. 18-cv-1455-LAB-JLB, at 1 (S.D. Cal. 2019 May 30, 2019) (ECF No. 82) (stating that Anton Ewing represents that he has a law degree from the University of Arizona College of

Law and "[h]e is not in the same category as ordinary civil litigants whose unfamiliarity with applicable rules is more excusable.").

Assuming Plaintiffs are alleging that US Global called them on behalf of Stall (as noted in Section III.C below, it is not clear who Plaintiffs are alleging placed the calls at issue) the Court's dismissal of Plaintiffs' First Amended Complaint pursuant to Rule 19 was consistent with the principle that "[i]t makes little sense to hold the merchant vicariously liable for a campaign he entrusts to an advertising professional, unless that professional is equally accountable for any resulting TCPA violation." *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 879 (9th Cir. 2014). Indeed, Plaintiffs' Second Amended Complaint seeks an injunction prohibiting US Global from violating the TCPA and "from ever contacting Plaintiff ever again in any manner whatsoever…." SAC Prayer ¶¶ C, G. Thus, the Court's finding that it cannot afford complete relief without US Global in the case is just as true now as when the Court dismissed Plaintiffs' First Amended Complaint for this exact reason. Plaintiffs' Second Amended Complaint should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(7).

**B.     Plaintiffs do not Allege that Stark Answered any Phone Call from US Global**

The Court dismissed Plaintiff Stark from the First Amended Complaint for lack of standing because "no mention is made of Stark every answering any specific phone call whatsoever." Order at 5:1-2. There is still no mention of a specific phone call that Stark answered. Because Plaintiffs thus failed to comply with the Court's Order, the Second Amended Complaint should be dismissed as to Stark pursuant to Federal Rule of Civil Procedure 12(b)(6).

**C.     Plaintiffs' Complaint does not Satisfy the Pleading Requirements of Rule 8 and Disobeys Orders Issued by this Court and by the Honorable Larry Alan Burns**

After granting Plaintiffs leave to file a Second Amended Complaint, the Court informed Plaintiffs that the allegations of the First Amended Complaint were "redundant, conclusory, unnecessarily voluminous, and highly confusing." Order at

11:14-15. The Court therefore gave Plaintiffs clear warning that "any amended complaint filed by Plaintiff must comply with Rule 8's 'short and plain statement' clause and the cited caselaw." *Id.* at 11:8-18 (*citing Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (holding that dismissal is proper where a complaint is confusing, conclusory, and unnecessarily voluminous) and *McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (holding that dismissal is proper where a complaint is "argumentative, prolix, replete with redundancy, and largely irrelevant. . . .")).

Plaintiffs did not heed the Court's instruction. The Second Amended Complaint is an impenetrable entanglement of irrelevant, redundant, conclusory, inconsistent, and confusing allegations. To wit, many paragraphs of the Second Amended Complaint are conclusory. *E.g.*, SAC ¶¶ C, E, K, P, AA, HH, II, NN, 16. Many of the paragraphs are redundant. *E.g.*, *compare* ¶¶ C, K, HH, II, JJ; *compare* ¶¶ B, R, S, T, CC. Many are irrelevant. *E.g.*, EE, FF, GG, LL, MM. Remarkably, Plaintiffs' Second Amended Complaint (at ¶ GG) even references settlement communications with Stall that the Court sua sponte recognized as impertinent and therefore struck from Plaintiffs' previous opposition brief. Order at 7:11-15.

The biggest problem presented by the haphazard nature of the Second Amended Complaint is that it fails to clearly and consistently articulate how, exactly, Stall participated in the alleged phone calls. Some paragraphs seem to allege that Stall placed the alleged calls himself. *E.g.,* SAC ¶ 13 (alleging that "Defendant Stall placed repeated automated telephone calls to Plaintiff Ewing's cell phone . . . ."); *Id.* ¶ 18 ("Stall uses [automatic dialing] equipment, located at the US Global office …."); *Id.* ¶ 31 ("Mr. Ewing repeatedly asked Stall to stop calling."). Other paragraphs seem to allege (inconsistently) that it was US Global, not Stall himself, that placed the calls. *E.g.*, SAC ¶¶ A, B, D (Alleging that Stall is a California real estate broker who hired US Global to make telemarketing calls on his behalf); *Id.* ¶ N ("US Global called home owners, including Plaintiff, to set 'listing' appointments for Stall at the subject home, all within San Diego County where Stall does business as a license real estate broker"); *Id.* ¶ P

("But for Stall ordering US Global to call Plaintiff for solicitation, US Global would never have called Plaintiff."). Nor is it even clear who, exactly, is suing Stall in this latest complaint. The Second Amended Complaint lists Anton Ewing and Collette Stark in the caption, thus suggesting that Stark is still a Plaintiff. Yet only Ewing's name is included in the "parties" section (SAC ¶¶ 3-5) and the word "plaintiff" (singular) rather than "plaintiffs" (plural) is used in the caption and throughout the pleading, suggesting that only Ewing remains as a Plaintiff.

In short, Plaintiffs' incoherent pleading disregards the Court's instructions and does not satisfy the basic requirements of Rule 8. Absent dismissal, Plaintiffs' disregard of "Rule 8's requirement of simplicity, directness, and clarity" would force Stall to incur unwarranted expense in discovery to flush out exactly who is suing him and why. *McHenry*, 84 F.3d at 1178. The Ninth Circuit has recognized that this style of pleading thus has the pernicious effect of promoting "settlements based on the anticipated litigation expense rather than" the merits of the case. *Id.* Furthermore, in an order issued on May 29, 2019, the Honorable Larry Alan Burns ordered that "for a period of 36 months from the date this order is issued, Ewing must file a copy of this order along with any new pro se pleading he files in this District." *Anton Ewing v. Oasis Media*, No. 18-cv-1455-LAB-JLB, at 1 (S.D. Cal. 2019 May 30, 2019) (ECF No. 82) ("Judge Burns' Order"). The Second Amended Complaint is a new pleading (which purports to add a new party as a defendant) filed by Ewing within thirty-six months of Judge Burns' Order. In the Court's Order granting Stall's motion to dismiss the First Amended Complaint, the Court reminded Ewing of his obligation to comply with Judge Burns' Order if he filed another amended pleading. Order at 11:19-21.

But, contrary to Judge Burns' and this Court's clear instruction, Ewing neglected to file a copy of Judge Burns' Order along with this new pleading. Plaintiffs' Second Amended Complaint should therefore be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6), 8(a), and 41(b) (providing for involuntary dismissal where, as here, a plaintiff fails to comply with a court order or a Federal Rule of Civil Procedure).

**D.     Leave to Amend Should be Denied**

Because Plaintiffs have already had three chances to file a proper complaint, and because the Court's Order provided them clear guidance as to what successful amendment requires, leave to amend should be denied.  *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (affirming dismissal of a second amended complaint without leave to amend because the second amended complaint failed to cure deficiencies addressed in the court's order dismissing the first amended complaint). Indeed, the Court informed Plaintiffs (1) that Stark needed to allege she answered a specific call (Order at 4:12-5:7); (2) that Plaintiffs should not make reference to settlement communications with Stall's attorney (*Id.* at 6:20-7:6); (3) that Plaintiffs needed to provide necessary party US Global with notice of the action and an opportunity to respond." (*Id.* at 8:8-9:2); and (4) that Plaintiffs needed to provide a short and plain statement of the case and refrain from redundant, irrelevant, conclusory, and confusing allegations (*Id.* at 11:8-18).  As explained above, Plaintiffs failed to heed any of this guidance.  Plaintiffs have thus demonstrated that any further amendment would be futile (and a waste of judicial resources) and dismissal with prejudice is therefore proper.

## IV.   CONCLUSION

For the foregoing reasons, Stall respectfully requests that the Court dismiss the Second Amended Complaint with prejudice.

Dated:  October 10, 2019                                    FITZGERALD KNAIER LLP

By: *s/ Keith M. Cochran*
Keith M. Cochran, Esq.
Attorney for Defendant
Stuart Stall