UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ANTON EWING, Plaintiff, v. STUART STALL, Defendant. | Case No.: 19-cv-00366-AJB-AHG<br><br>**ORDER ON COLLETTE STARK'S MOTION FOR CLARIFICATION OF THE COURT'S ORDER (Doc. No. 21)** |
|---|---|

Presently before the Court is former Plaintiff Collette Stark's ("Stark") motion for clarification of the Court's order dismissing Stark from this Telephone Consumer Protection Act ("TCPA") action. (Doc. No. 21.) Stark seeks clarification on whether her dismissal is with or without prejudice. (Doc. No. 21 at 3.)

In the Court's order dismissing Stark, the Court held that Stark lacked standing because the First Amended Complaint ("FAC") failed to allege any facts demonstrating that Stark was injured. (Doc. No. 14 at 4–5.) The Court concluded that "[n]o factual allegations are made as to any phone number that is owned by Stark. Further, no mention is made of Stark ever answering any specific phone call whatsoever." (*Id.*) The FAC is focused almost entirely on the alleged wrongful telephone calls made to Plaintiff Anton Ewing ("Ewing") and Stark's name is only mentioned in conjunction with Ewing. Based on the foregoing, the Court clarifies that Stark is dismissed **WITHOUT PREJUDICE** as

1

she is dismissed for lack of standing, but **WITHOUT LEAVE TO AMEND**. *See Fleck & Assocs. v. City of Phoenix*, 471 F.3d 1100, 1106–07 (9th Cir. 2006) (holding that a dismissal for lack of standing is one for lack of subject matter jurisdiction, which should be without prejudice); *Fletcher v. California Corr. Health Care Servs.*, No. 16-CV-04187-YGR(PR), 2016 WL 5394125, at *3 (N.D. Cal. Sept. 27, 2016) ("The dismissal is without prejudice as it is based on a lack of standing and without leave to amend as any amendment would be futile.").

**IT IS SO ORDERED.**

Dated: December 10, 2019

Hon. Anthony J. Battaglia
United States District Judge