UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLETTE STARK, ANTON EWING,<br>　　　　　　　　　　　　Plaintiff,<br>v.<br>STUART STALL, et al.,<br>　　　　　　　　　　　　Defendant. | Case No.: 19-cv-00366-AJB-AHG<br><br>**ORDER GRANTING DEFENDANT STUART STALL'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>**(Doc. No. 36)** |

　　　　Pending before the Court is Defendant Stuart Stall's ("Stall") motion to dismiss Plaintiff Anton Ewing's ("Ewing") Third Amended Complaint ("TAC"). (Doc. No. 36.) Ewing filed an opposition to the motion, (Doc. No. 38), and Stall replied, (Doc. No. 39). The Court found this motion suitable for determination on the papers and without oral argument. *See* Civ. L.R. 7.1(d)(1). As explained below, the Court **GRANTS** Stall's motion to dismiss **WITHOUT LEAVE TO AMEND**.

**I.　　BACKGROUND**

　　　　The following facts are taken from the TAC and accepted as true for the limited purpose of resolving this motion. *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013). Ewing brings this action against Stall and Defendant US Global ("US Global") alleging violations of the Telephone Consumer Protection Act ("TCPA"). Stall is a California real estate broker selling homes in San Diego. (TAC ¶ F.) Stall allegedly hired

1

and paid US Global to schedule real estate appointments on Stall's behalf. (*Id.* ¶ G.) Ewing alleges that both Stall and US Global called Ewing in violation of the TCPA. (*Id.* ¶ 33.) As a result of the telephone calls, Stall appeared at Ewing's home in early February 2019. (*Id.* ¶ VV.)

On February 22, 2019, Collette Stark ("Stark") and Ewing filed their Complaint in this Court alleging violations of the TCPA. (Doc. No. 1.) Stall filed his first motion to dismiss on March 15, 2019, which was rendered moot by Stark and Ewing's First Amended Complaint ("FAC"). (Doc. No. 6.) Stall moved to dismiss the FAC. (Doc. No. 7.) The Court granted Stall's motion to dismiss on August 7, 2019. (Doc. No. 14.) Ewing then filed a Second Amended Complaint ("SAC") on August 27, 2019. (Doc. No. 16.) Stall again moved to dismiss the SAC, which the Court granted on August 20, 2020. (Doc. No. 34.) In its order, the Court granted Ewing one final attempt to amend his allegations against Stall. (*Id.*) Ewing then filed a TAC, (Doc. No. 35), on September 1, 2020, which Stall moved to dismiss on September 15, 2020, (Doc. No. 36). This order follows.

## II.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation and internal quotation marks omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true and drawing all reasonable inferences in favor of the nonmoving party. *See Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for

a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged[.]" *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" because pro se litigants are more prone to making errors in pleading than litigants represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations omitted); *see Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds*. Thus, the Supreme Court held that federal courts should liberally construe the "'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)). However, pro se plaintiffs are expected to follow "the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer."). Thus, failure to meet procedural requirements will receive less latitude.

### III. DISCUSSION

#### A. Ewing's TCPA Claims for Direct and Vicarious Liability Against Stall

To successfully plead a TCPA claim, a plaintiff must allege a defendant: (1) called a cellular telephone number or any service for which the called party is charged for the call; (2) using an automated telephone dialing system ("ATDS") an artificial or prerecorded voice; (3) without the recipient's prior express consent. *See Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 804 (9th Cir. 2017) (quoting *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012)). As to the first element, to "make" a

call under the TCPA, the person must either (1) directly make the call, or (2) have an agency relationship with the person who made the call. *See Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 877–79 (9th Cir. 2014). And for the second element, an ATDS is "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

### 1. Ewing Does Not Plead Sufficient Facts to Support a Direct Liability Claim Against Stall

Ewing fails to clearly and concisely articulate how Stall directly participated in the alleged phone calls that violated the TCPA. This Court cautioned Ewing as to his "confusingly inconsistent allegations about who exactly called Ewing in violation of the TCPA." (Doc. No. 34 at 5.) Although Ewing plausibly alleges that he received telemarking robocalls, he fails to sufficiently plead that Stall was the individual who made the calls at issue. When discussing Stall's involvement, Ewing alleges, "[o]n February 7, 2019, a call to 619-719-9640, which is Mr. Ewing's cellular telephone, caused his cell phone to ring" and a prerecorded voice was on the end of the call. (TAC ¶ 26.) However, Ewing fails to allege a connection between that call and Stall. *See Ewing v. Gonow Travel Club, LLC*, No. 19-cv-297-BAS-AGS, 2019 U.S. Dist. LEXIS 120969, at *4 (S.D. Cal. July 19, 2019) (holding that although the plaintiff alleged facts raising a plausible inference that he had received "robocalls," he had not alleged any facts linking that particular defendant with the robocalls).

Additionally, Ewing alleges Stall placed "*at least 9 telemarketing robocalls to Mr. Ewing.*" (TAC ¶ 28.) Then, Ewing inconsistently alleges US Global was on the line, not Stall. (*Id.*) Further, Ewing alleges Stall only appeared at Ewing's home "as a direct result of the illegal telemarking call *made by US Global*" and not by Stall himself. (*Id.* ¶ A.e., emphasis added.) Previously, Judge Buuns warned Ewing that if he alleges a TCPA violation, then Ewing must "explain who called him, when, and how he was harmed." *See Ewing v. Empire Capital Funding Grp., Inc.*, No. 17cv2507-LAB (MDD), 2018 U.S. Dist.

4

LEXIS 128358, at *3 (S.D. Cal. July 30, 2018). Lumping defendants together does not give the defendants or the Court enough information to evaluate individual claims against each defendant. *Id.* Yet, here, Ewing fails to clearly differentiate each defendant's involvement in the alleged phone calls. Ewing leaves the Court and Stall with insufficient information to evaluate Ewing's individual claims. Therefore, the TAC does not contain sufficient factual matter, taken as true, to state a plausible claim against Stall for directly violating the TCPA.

### 2. Ewing Does Not Plead Sufficient Facts to Support a Vicarious Liability Claim Against Stall

"[A] defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller." *Gomez*, 768 F.3d at 879. Three common law agency theories may provide a basis for vicarious liability: actual authority, apparent authority, and ratification. *See Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 448–49 (9th Cir. 2018).

#### a) Ewing Does Not Plead Sufficient Facts to Support a Theory of Actual Authority

In order to establish that US Global had "actual authority" to place calls on behalf of Stall, Ewing must establish both an agency relationship and "actual authority to place the unlawful calls." *Id.* at 449. "Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Mavrix Photographs, LLC v. Livejournal, Inc.*, 873 F.3d 1045, 1054 (9th Cir. 2017).

Here, Ewing alleges Stall hired US Global as his agent. In the TAC, Ewing states in a conclusory manner, "Stall and US Global have a contractual relationship that amounts to and qualifies as an agency relationship[.]" (TAC ¶ A.f.) Ewing argues that "[b]oth the 9th Circuit and the US Supreme Court in the *Gomez* case have held that Stall is vicariously

1  liable for the acts of US Global in TCPA matters."[1] However, the Ninth Circuit in *Gomez*
2  clarified a basis for vicarious liability between a defendant and a third-party caller where
3  the plaintiff establishes an agency relationship between the defendant and a third-party
4  caller. *Gomez*, 768 F.3d at 879. Here, Ewing fails to plausibly plead facts sufficient to
5  establish that basis. The TAC contains conclusively allegations that "[b]ut for Stall hiring,
6  and paying US Global . . . US Global would not have called Ewing in violation of the
7  TCPA." (TAC ¶ A.h.) The TAC continues, "Stall empowered US Global to violate the
8  TCPA by contracting with US Global to make illegal robocalls to the database that Stall
9  paid them to call, which included Ewing's (and Stark's) DNC registered telephone
10 numbers." (*Id.* ¶ A.r.) Courts have rejected similar general and conclusory allegations. *See*
11 *Canary v. Youngevity Int'l, Inc.*, No. 5:18-cv-03261-EJD, 2019 U.S. Dist. LEXIS 46429,
12 at *5 (N.D. Cal. Mar. 20, 2019) (rejecting allegations that defendant "'allow[ed]'
13 autodialed and prerecorded calls " as conclusory); *see also Pascal v. Agentra, LLC*, No.
14 19-cv-02418-DMR, 2019 U.S. Dist. LEXIS 179359, at *9 (N.D. Cal. Oct. 16, 2019)
15 (rejecting allegations that defendant hired the third-party caller to market defendant's
16 services by "calling[ing] thousands of phones at a time using an artificial or prerecorded
17 voice message" as conclusory). The Court need not accept Ewing's conclusory allegations.
18 *Twombly*, 550 U.S. at 555.

19       As the Court instructed Ewing in its last order, the facts do not show Stall actually
20 authorized US Global to violate the TCPA in order to acquire real estate appointments. In
21 the TAC, Ewing alleges Stall admitted to paying US Global to make telephone setting
22 appointments for Stall. (TAC ¶ A.o.) Ewing further alleges Stall directed the content of the
23 telephone calls. (*Id.* ¶ S.) However, without more, these facts do not support a theory that
24 US Global had actual authority to violate the TCPA on Stall's behalf. As Stall correctly

---

[1] In *Gomez*, the Supreme Court ruled on the following two issues unrelated to Ewing's claim: (1) an unaccepted settlement offer or offer of judgment does not moot a plaintiff's claim and (2) government contractors only obtain immunity for actions they take pursuant to their contract with the government. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016), *as revised* (Feb. 9, 2016).

argues, these "allegation[s] confirm[] that US Global was setting real estate appointments for Stall, not that Stall controlled, authorized, or even knew about US Global's telemarketing violations." (Doc. No. 36-1 at 7.) Ewing does not plead sufficient facts above the speculative level as to both an agency relationship and actual authority to place the unlawful calls. Therefore, Ewing's claim of actual authority fails.

### b) Ewing Does Not Plead Sufficient Facts to Support a Theory of Apparent Authority

Apparent authority is an agency theory by which "a principal can be held liable for the legal consequences of its agent's conduct" where the agent "act[s] with apparent authority in its dealings with a third party purportedly on behalf of the principal[.]" *Jones*, 887 F.3d at 449. "Apparent authority arises from the principal's manifestations to a third party that supplies a reasonable basis for that party to believe that the principal has authorized the alleged agent to do the act in question." *N.L.R.B. v. Dist. Council of Iron Workers of the State of Cal. & Vicinity*, 124 F.3d 1094, 1099 (9th Cir. 1997) (citing *N.L.R.B. v. Donkin's Inn*, 532 F.2d 138, 141 (9th Cir. 1976)). Apparent authority can only "be established by proof of something said or done by the [alleged principal], on which [the plaintiff] reasonably relied." *Id.*

Here, the TAC does not plead sufficient facts to support an apparent authority theory that Stall is vicariously liable for the alleged telemarketing calls. Ewing does not allege that he reasonably relied, much less to his detriment, on something Stall has said or done. Ewing fails to allege reliance on US Global's alleged apparent authority to violate the TCPA on Stall's behalf. *See Thomas v. Taco Bell Corp.*, 582 F. App'x 678, 679–80 (9th Cir. 2014) (holding plaintiff failed to plead apparent authority theory where the "[plaintiff] has not shown that she reasonably relied, much less to her detriment, on the apparent authority with which the [defendant] allegedly cloaked the [third parties to violate the TCPA]"). Moreover, as with actual authority, Stall paying US Global to make real estate appointments or directing the content of phone calls does not support a theory of agency liability based on apparent authority. Therefore, Ewing's claim of apparent authority fails.

          **c)**       **Ewing Does Not Plead Sufficient Facts to Support a Theory of Ratification**

Finally, ratification is "the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority." *Kristensen v. Credit Payment Servs. Inc.*, 879 F.3d 1010, 1014 (9th Cir. 2018) (quoting Restatement (Third) of Agency § 4.01(1)). A party can ratify a third party's act if the third-party acts as the agent or purports to be the agent on the party's behalf. *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068, 1074 (9th Cir. 2019) (citing Restatement (Third) of Agency § 4.01 cmt. b). Therefore, when an actor is not an agent or does not purport to be one, the doctrine of ratification does not apply.

Here, the TAC fails to sufficiently establish Stall affirmed the prior calls in question under a ratification theory. As discussed above, Ewing does not sufficiently allege an agency relationship between Stall and US Global. Moreover, Ewing does not sufficiently allege US Global purported to be the agent of Stall. This case stands in stark contrast to *Henderson*. In *Henderson*, the Ninth Circuit found ratification when third-party callers purported to be the agent of the defendant and "negotiated, deferred, and took payments on [the defendant's] behalf." *Id.* The court held that there was evidence that the defendant communicated consent to the debt collectors through acquiescence in their calling practices that allegedly violated the TCPA. *Id.* at 1075. Unlike *Henderson*, Ewing does not sufficiently allege US Global purported to be Stall's agent, or that Stall ratified US Global's actions. When Ewing received the alleged telemarking robocalls, Ewing claims "'Dave' came on the line and introduced himself as being with 'Global Realty.'" (TAC ¶ 8.) This is not sufficient to allege US Global represented itself to be Stall's agent. Therefore, the doctrine of ratification does not apply because Ewing does not sufficiently allege an agency relationship between Stall and US Global or that US Global purported to be Stall's agent.

**B. Ewing's Failure to Follow the Court's Orders and Comply with Local Rules**

Stall argues Ewing's repeated refusal to follow the Court's orders and the Local Rules merits dismissal under Local Rule 41(b). (Doc. No. 36-1 at 8.) Previously, the Court

ordered Ewing to not include settlement discussions in his pleadings or other court filings. (Doc. No. 14 at 7.) Additionally, the Court acknowledged that Ewing "has been placed on notice of the local rules on professionalism and their application to him by this Court in the past." (*Id.*) Yet, Ewing ignored the Court's order and improperly included a settlement offer allegedly made by Stall in exchange for information on US Global in Ewing's Second Amended Complaint ("SAC"). (SAC ¶ GG.) Thus, the Court struck SAC ¶ GG and again reminded Ewing that he must not include settlement discussions in his pleadings or other court filings. (Doc. No. 34 at 4.)

Now, Stall correctly argues that Ewing failed to follow Local Civil Rule 15.1(c). (Doc. No. 36-1 at 9.) Rule 15.1(c) provides, "[a]ny amended pleading filed after the granting of a motion to dismiss or motion to strike with leave to amend, must be accompanied by a version of that pleading that shows—through redlining, underlining, strikeouts, or other similarly effective typographic methods—how that pleading differs from the previously dismissed pleading." Civ. L.R. 15.1(c). Ewing claims he complied with Rule 15.1(c) by including the language "the following are the amended allegations" at the beginning of the TAC. (Doc. No. 38 ¶ 10.) However, the plain meaning of the rule requires two copies of the pleading—the amended pleading *and* a version of the pleading that shows how the amended pleading differs from its predecessor. Here, Ewing failed to file a version of the TAC that effectively shows how the TAC differs from the SAC. Ewing argues "[t]he TAC complied with LR 15.1(c) by setting forth 16 pages of amended allegations that are new and added[.]" (*Id.*) However, Ewing copied verbatim some of the "new and added" TAC allegations from the SAC. (*Compare* TAC ¶ K, *and* TAC ¶ OO, *with* SAC ¶ F, *and* SAC ¶ DD.)

Local Rule 15.1(c) is for the benefit of the Court and *all* parties. One of the purposes of the rule is to aid the Court in determining a party's compliance with an order. Rule 15.1(c) is not "a waste of time and effort" as Ewing asserts. (Doc. No. 38 at 6.) Contrary to Ewing's claim that "no other Judge in any other case has ever demanded a Rule 15.1(c) comparison copy," in the Southern District of California, (*Id.*), this district has consistently

enforced Civil Local Rule 15.1(c). *See In re Regulus Therapeutics Inc. Sec. Litig.*, 406 F. Supp. 3d 845, 864 (S.D. Cal. 2019) (ordering plaintiffs to comply with Civil Local Rule 15.1(c)); *see also Nasser v. Julius Sammann Ltd.*, 2019 U.S. Dist. LEXIS 50907, at *9 (S.D. Cal. Mar. 25, 2019) (holding pro se plaintiffs' pattern of noncompliance with Civil Local Rule 15.1(c) and other local rules was grounds for dismissal). "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995); Civ. L.R. 41(b). After drafting multiple complaints and amended complaints, Ewing is more than familiar with the Local Rules of this Court.

## IV.   CONCLUSION

The TAC fares no better than its three predecessors. Ewing fails to meet even the relaxed requirements afforded to pro se litigants. "[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (internal citations omitted). For the foregoing reasons, the Court **GRANTS** Stall's motion to dismiss, and **DISMISSES** Defendant Stall **WITHOUT LEAVE TO AMEND**.

Pursuant to Civil Local Rule 55.1 regarding default judgments, Ewing has also failed to timely move for default judgment against Defendant US Global within thirty days of the entry of a default, (Doc. No. 27). Ewing is ordered to show cause by **May 31, 2021** why US Global should be not dismissed as well. Failure to show cause will result in dismissal of Defendant US Global.

**IT IS SO ORDERED.**

Dated:  May 18, 2021

Hon. Anthony J. Battaglia
United States District Judge

10

19-cv-00366-AJB-AHG